UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) 12 C 4275 |
| | ) |
| vs. | ) Judge Feinerman |
| | ) |
| EDWARD ANTHONY, Deputy Commissioner, Officer of Special Education, U.S. Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION | ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Todd Williams brought this suit against the United States Department of Education and Edward Anthony, one of its officials (together, "Department"), alleging violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. Doc. 1. Williams then filed an amended complaint. Doc. 9. Arguing that the Rehabilitation Act does not provide Williams with a private right of action, the Department seeks dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Doc. 18. The case is dismissed under Rule 12(b)(6).

The amended complaint's well-pleaded facts, though not its legal conclusions, are assumed true on Rule 12(b)(1) and Rule 12(b)(6) motions. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010); *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). The court also must consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," as well as additional facts

included in the plaintiff's opposition brief, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The facts are set forth as favorably to Williams as permitted by the amended complaint and other materials that may be considered on a Rule 12(b) motion.

The Illinois Division of Rehabilitation Services ("DRS"), part of the Illinois Department of Human Services ("DHS"), operates a vocational rehabilitation program that receives federal funding under the Rehabilitation Act. Doc. 9 at 4; *see* Rehab. Servs., Ill. Dep't of Human Servs., http://www.dhs.state.il.us/page.aspx?item=29736 (last visited Dec. 20, 2012). DRS denied Williams's application for funds under the program. Doc. 9 at 4. Williams appealed the denial to DRS's impartial hearing board; when that appeal was denied, Williams sought review in the Circuit Court of Lake County, Illinois, which affirmed the administrative decision. Doc. 9 at 2-3; *see Williams v. Ill. Dep't of Human Servs.*, No. 11 C 3178, Doc. 30 (N.D. Ill. Nov. 7, 2011). Instead of or in addition to appealing the circuit court's judgment to the Appellate Court of Illinois, Williams sued DHS in federal court. *See Williams v. Ill. Dep't of Human Servs.*, *supra*. In November 2011, Chief Judge Holderman dismissed the suit under the *Rooker-Feldman* doctrine. *Id.*, Doc. 30.

Williams believes that the Illinois regulations under which DRS denied his application violate the Rehabilitation Act and its implementing regulations. In March or April 2012, Williams wrote to Anthony to complain about DRS's denial of his application, and Anthony responded that DRS was complying with federal law. Doc. 9 at 5. Williams then brought this suit, alleging that the Department violated the Rehabilitation Act by failing to use its oversight and enforcement authority under 34 C.F.R. §§ 361.10 (DOE disapproval of state plan), 361.11 (withholding of funds), 80.40 (monitoring and reporting state program performance), and 80.43

(remedies for noncompliance) to invalidate the unlawful state regulations and rules and to force DRS to give Williams the funding he sought. Williams seeks an order requiring the Department to force DRS to comply with federal law.

While acknowledging that it has some enforcement and oversight capabilities over DRS, the Department argues that private individuals like Williams have no private right of action under the Rehabilitation Act to force the Department to exercise those capabilities. Williams's opposition brief fails to meaningfully respond to the argument that he lacks a private right of action. Doc. 19. A section of Williams's brief does bear the heading "Plaintiff has a private right of action." *Id*. at 10-12. But despite what the heading promises, the section addresses not whether Williams has private right of action under the Rehabilitation Act, but only whether DRS has complied with federal law. *Ibid*. Indeed, the section includes this passage:

> [P]laintiff does not really understand the concept of private cause of action. What plaintiff does understand is the fact that a State that is violating our rights is not going to file a lawsuit against the [Department] to get the [Department] to stop their selves from violating our rights. In addition, if no individual can challenge the [Department], then the federal regulations mean nothing and are subject to the whims of whoever is the Commissioner [of the relevant division in the Department]. If the Commissioner does not like a program, such as self-employment, then his actions or lack of actions can cause that program to be non-viable.

*Id*. at 11-12. This is a manifesto against the principle that a private right of action is a prerequisite to suit under the Rehabilitation Act; it is not an argument that the Rehabilitation Act actually gives Williams a private right of action with respect to this suit.

The Seventh Circuit has held that if a defendant provides plausible grounds for granting a motion to dismiss, the district court need "not … do the plaintiff's research and try to discover whether there might be something to say against the defendant['s] reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *see also Stransky v. Cummins*

*Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants."). A plaintiff's failure to respond substantively to such grounds provides a sufficient basis for dismissal. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("[w]hile Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss"); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").*

The Department has offered a plausible reason to hold that Williams has no private right of action. Under the Rehabilitation Act, an individual dissatisfied with an administrative decision made by a state vocational rehabilitation program may bring a civil action against the

---

* Briefing closed on this motion on October 26, 2012, when the Department filed its reply brief. Doc. 21. On November 16, 2012, without seeking leave of court, Williams filed a surreply, arguing that he has a private right of action under the Administrative Procedures Act, 5 U.S.C. § 551 *et seq*. Doc. 22. The surreply provides no explanation as to why Williams did not raise this argument in his opposition brief, and the court sees none. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011). The Department made no new arguments in its reply brief; indeed, the brief consists of one paragraph arguing that Williams failed to meaningfully respond to the Department's argument from its initial brief that Williams lacks a private right of action. Doc. 21. Furthermore, the principal authority cited in the surreply, *Heckler v. Chaney*, 470 U.S. 821 (1985), was cited in the Department's initial brief. Doc. 18 at 5. Because the Department made no new arguments in its reply brief, and because Williams was already on notice of a potential argument under *Heckler* when he filed his opposition brief, the surreply brief is stricken and will not be considered. *See Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 n.2 (7th Cir. 2010) ("Because th[ere] was … only [one] new argument raised in [the defendant's] reply brief and the district court did not rely on it, the district court did not abuse its discretion when it denied [the plaintiff's] request for leave to file a sur-reply."); *Marbury Law Group, PLLC v. Carl*, 729 F. Supp. 2d 78, 82 (D.D.C. 2010) (striking the non-movant's surreply because the non-movant failed to seek leave and because the movant raised no new arguments in its reply brief: "a surreply is limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion."); *Toxco, Inc. v. Chu*, 801 F. Supp. 2d 1, 5 n.2 (D.D.C. 2011) (same); *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001) (same).

state agency in state or federal court. *See* 29 U.S.C. § 722(c)(5)(J); 34 C.F.R. § 361.57(I). Williams brought such a suit against DRS in state court. But no provision of the Rehabilitation Act authorizes a private individual to sue the Department to compel it to use its enforcement capabilities under 34 C.F.R. §§ 361.10, 361.11, 80.40, & 80.43, which means that there is no private right of action for such a suit. *See Mallett v. Wis. Div. of Vocational Rehab.*, 130 F.3d 1245, 1250 (7th Cir. 1997) (declining to find an implied private right of action under an earlier version of the Rehabilitation Act to sue a state vocational rehabilitation program where Congress had instead provided for administrative remedies); *Campbell v. Miller*, 835 F. Supp. 2d 458, 469 (S.D. Ohio 2011) (holding that "the Rehabilitation Act does not include an express or an implied cause of action outside of an express right to judicial review of a rehabilitation services decision [under 29 U.S.C. § 722(c)], which was added in 1998"); *Johnson v. Rehab. Servs.*, 2011 WL 3102564, at *3 (S.D. Ohio July 25, 2011) (same). This conclusion reflects the settled principle that "private rights of action to enforce federal law must be created by Congress," *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); *see also Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 375 (7th Cir. 2010) ("Where the text and structure of a statute do not provide an indication that Congress intended to create new individual rights, there is no basis for a private suit."), as well as the "'elemental canon' of statutory construction that where a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies [under federal law]," *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 581 (7th Cir. 2012) (internal quotation marks omitted).

      Without a private right of action, Williams's case cannot proceed and must be dismissed. *See McCready v. White*, 417 F.3d 700, 703-04 (7th Cir. 2005) (dismissing case for lack of a private right of action). The dismissal is on the merits under Rule 12(b)(6), not for want of

subject matter jurisdiction under Rule 12(b)(1). In *McCready*, the plaintiff sought an injunction compelling the State of Illinois to release certain records that could help the plaintiff in a business venture; the claim was based on a federal statute regulating disclosure of state driving records. *Id*. at 701-02. The Seventh Circuit held that McCready had no case because the statute created a private right of action only for individuals, unlike McCready, whose information had been improperly disclosed. *Id*. at 703-04. The court explained that the dismissal was on the merits, not for lack of subject matter jurisdiction:

> Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit. … It is not hard to see a source of federal jurisdiction, however. McCready makes a claim that rests entirely on federal law, and 28 U.S.C. § 1331 supplies jurisdiction to entertain such claims. That McCready's theory may be bad substantively does not negate that jurisdiction. … Although some language in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), might have been read to imply that the existence of a private right of action under federal law is essential to jurisdiction, the opinion in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), puts the kibosh on that possibility. The district court had jurisdiction.

*Id*. at 702-03 (some citations omitted); *see also Bertrand v. Maram*, 495 F.3d 452, 458 (7th Cir. 2007) ("A private right of action is not a component of subject-matter jurisdiction.").

To summarize: Williams's claim rests entirely on federal law, the Rehabilitation Act. The court therefore has subject matter jurisdiction under 28 U.S.C. § 1331. But because Williams has no private right of action under the Rehabilitation Act, the case is dismissed for failure to state a claim under Rule 12(b)(6). *See Israel Aircraft Indus. Ltd. v. Sanwa Bus. Credit Corp.*, 16 F.3d 198, 199 (7th Cir. 1994) (affirming a Rule 12(b)(6) dismissal where the federal statute cited by the plaintiff did not provide a private right of action).

December 21, 2012

_____
United States District Judge